`

Michael F. Ram, SBN 104805
mram@forthepeople.com
Amanda Beattie, SBN 367585
amalee.beattie@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
1390 Market Street, Suite 200
San Francisco, CA 94102
Telephone: (415) 846-3862

Jeffrey B. Cereghino, SBN 99480
jbc@cereghinolaw.com
CEREGHINO LAW GROUP LLP
28 Geary Street, Suite 650
San Francisco, CA 94108
Telephone: (415) 433-4949

*Attorneys for Plaintiffs and Class*

[Additional Counsel on Signature Page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PINE FOREST HOMEOWNERS ASSOCIATION,<br><br>        Plaintiff,<br><br>vs.<br><br>ASSOCIA NORTHERN CALIFORNIA, INC.,<br><br>        Defendant. | CASE NO. _____<br><br><br>**CLASS ACTION COMPLAINT** |

1

CLASS ACTION COMPLAINT

Plaintiff, PINE FOREST HOMEOWNERS ASSOCIATION, files this class action complaint against Defendant, ASSOCIA NORTHERN CALIFORNIA, INC. and states:

## **INTRODUCTION**

1. Plaintiff, Pine Forest Homeowners Association ("Plaintiff" or "Pine Forest"), and Class members are common interest developments (otherwise known as homeowners associations) (hereinafter, "CIDs") and co-ops that entered into materially uniform agreements with the defendant, Associa Northern California, Inc. ("Associa" or "Defendant"), a property management company, to manage their funds and negotiate the best banking relationship deals as an agent and fiduciary. Associa engaged in a common, unfair, deceptive, and unlawful course of conduct whereby it entered into undisclosed payment arrangements with banks, thereby securing secret profits of tens of millions of dollars from banks based on monies it managed as a fiduciary for Plaintiff and the Class. Those secret profits were never disclosed to Plaintiff and the Class.

## **JURISDICTION**

2. This Court has jurisdiction over this case under 28 U.S.C. section 1332(d)(2) because (1) this is a class action with more than one hundred (100) Class Members; (2) Associa is a Texas Corporation headquartered in the State of Texas; (3) Plaintiff and all Class Members are citizens of various states in the United States and (4) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

## **VENUE**

3. Venue in this Court is proper: (1) pursuant to 28 U.S.C. section 1391(a)(1) in that Defendant does sufficient business in this District to subject it to personal jurisdiction; and (2) pursuant to 28 U.S.C. section 1391(a)(2) in that a substantial part of the events or omissions giving rise to the claims occurred in this District.

## **PARTIES**

4. Plaintiff is a non-profit mutual benefit corporation, a common interest development consisting of 90 condominiums and common areas located in San Jose, California. Plaintiff is

2

CLASS ACTION COMPLAINT

responsible for preserving, maintaining and managing the community's common areas and common facilities and, to the extent described in Plaintiff's governing documents, providing repair and maintenance services to individual lots and residences

5. Defendant, Associa, was and is a Texas corporation, under entity number 3685234, has its principal place of business in Dallas, Texas. Associa maintains offices throughout Northern California.[1]

**FACTUAL ALLEGATIONS**

6. According to the Community Association Institute, more than 70 million people live in community associations in the United States. That number is expected to double by 2040.[2] Annually, community associations collect $95.6 billion in community assessments. Community association assessments, much like municipal property taxes, are compulsory assessments used exclusively to fund essential obligations, including professional management services, utility expenses, insurance, routine maintenance and capital improvements.

7. Common interest developments (CIDs), also referred to as community associations, provide a communal basis for preserving, maintaining, and enhancing homes and property. All community associations have certain basic, defining characteristics. First, membership in a community association is mandatory and automatic for all homeowners within the community. Certain legal documents (such as community bylaws) specify the mandatory terms and conditions to be observed by all homeowners that are members of the community association, as well as by the community association itself. These documents require mutual obligations to be performed by the individual homeowner and the community at large, acting through the community association. Mandatory lien-based economic charges or assessments are levied on each homeowner to operate and maintain the community association.

8. To manage their obligations and finances, community associations routinely retain management companies to perform or oversee the obligations and functions (executive and

---

[1] https://www.associanortherncalifornia.com/contact-us
[2] https://www.caionline.org/AboutCommunityAssociations/Pages/StatisticalInformation.aspx

CLASS ACTION COMPLAINT

day-to-day operational) of the community association. Community associations are non-profit organizations that are governed by volunteer oversight boards (often with significant annual turnover) consisting of layperson homeowners, and require the expertise of a professional third-party property management company. These property management companies are entrusted to handle, as agent, fiduciary and custodian, the community association's day-to-day operations including managing, receiving, tracking, collecting, accounting for, investing, and depositing the receivables from their constituent homeowners.

9. Community associations' liquid funds that are collected from member homeowners and other sources (e.g., insurance proceeds) are used to pay the community association's operating expenses and other obligations. Applicable laws and regulations and/or the community association's governing documents uniformly require association funds to be maintained only at an insured depository institution. Deposit accounts are opened by the property management company for the community association.

10. The deposit accounts fall into two categories: (i) operating accounts established for the maintenance of the community (e.g., landscaping, insurance, labor, utilities, etc.) that the community manager uses to handle daily deposits and withdrawals of association operating funds ("operating accounts") and (ii) reserve accounts established for specific capital improvement expenditures (e.g., roofs, roads, façades, elevators, etc.) for the holding of association reserve funds as required by an association's governing documents and applicable laws ("reserve accounts").

11. Associa is entrusted as an agent, trustee, and fiduciary to enter the most advantageous banking relationships for its CID clients, including Plaintiff and the proposed Class members. Associa is designated as Pine Forest's agent in the management agreement entered into by the parties on November 12, 2018. Associa entered arrangements with banks to consolidate deposit balances for properties it manages in exchange for payments – an arrangement which neither Associa nor the banks ever disclosed to Pine Forest. Throughout the class period, Associa never disclosed these payouts or their amounts, either monthly or

4

CLASS ACTION COMPLAINT

annually, to Pine Forest or Class members. The payments amount to secret profits flowing to Associa at the expense of Plaintiff and the class and in violation of common and statutory law.

**A. Plaintiff Pine Forest Homeowners Association's Agreement with Defendant Associa.**

12. Plaintiff, Pine Forest, is a non-profit mutual benefit corporation. Plaintiff is a common interest development consisting of 90 condominiums located in West San Jose, California. Plaintiff is also a CID or community association for the purposes of the Davis-Stirling Common Interest Development Act (Cal. Civ. Code section 4000 et seq.). See *Retzloff v. Moulton Parkway Residents' Ass'n*., No. One, 14 Cal. App. 5th 742, 748 (2017) (The Davis-Stirling Common Interest Development Act "governs homeowners associations[]" . . . [and] "consolidated the statutory law governing condominiums and other common interest developments." (internal quotations and citation omitted)).

13. Plaintiff retained Associa Northern California, Inc. and is informed and believes that this retention began on or about December 1, 2018 by entering into a Management Agreement ("Agreement") signed on November 12, 2018. This Agreement automatically renewed each year and was ultimately terminated by Plaintiff in January 2026.

14. Pursuant to the Agreement, Associa was contractually bound to provide management services to Plaintiff, including management of the property, management of Plaintiff's funds, management of vendors performing maintenance and repair, accounting legal, insurance and other related services.

15. Under the Agreement, Associa was Plaintiff's agent and a fiduciary and was required as such to act as Plaintiff's agent and to perform a variety of financial services on behalf of Plaintiff. Services included the collection of assessments and other income received by the Plaintiff, selection of a financial institution into which Plaintiff's funds would be deposited, managing reserve accounts, managing collection of delinquent assessments including lien enforcements and foreclosures, maintaining financial reports and accounting

CLASS ACTION COMPLAINT

records, incurring contractual liability on behalf of the Plaintiff to pay for certain incidental repairs and maintenance items, and disbursing such payments.

16. The parties' Agreement required Plaintiff to grant access to its financial accounts to Associa, and further required Plaintiff to move its deposits to a bank of Associa's choosing. Associa chose Banc of California and was authorized and empowered to deposit Plaintiff's funds there, and to conduct transactions between Plaintiff's respective accounts at the bank including moving funds from reserve accounts to operating accounts. The Agreement further required Associa to handle Plaintiff's funds without loss or undue delay.

17. Plaintiff is informed and believes that Associa negotiated an agreement with the Banc of California, and perhaps other entities, under which Banc of California made undisclosed payments to Associa. These payments were based on the amount of deposited funds that Associa held at Banc of California–funds which belonged to the Plaintiff and the Class. Further, Plaintiff is informed and believes that these payments to Associa in an amount and manner satisfactory to Associa was a primary consideration in selecting the institution where Plaintiff's and Class Members' funds were deposited.

18. Because of Associa's misconduct, Plaintiff and Class Members have suffered actual damages. Payments were made directly to Associa despite being based upon deposited funds belonging to Plaintiff and the Class. Associa knew it had a fiduciary duty to disclose the payment arrangement under both common and statutory law and yet failed to do so. Rather than seek the most advantageous banking relationship for its clients, Associa prioritized banks that would facilitate and ensure Associa's secret profit arrangement continued undisclosed. Because Associa has engaged in this deception over a period of many years and against hundreds of Class members, a class action is the only viable, economical and rational means for Class Members to recover their damages from Associa.

19. In addition, Plaintiff and the Class seek to enjoin Associa from continuing any payment arrangement with any bank without full disclosure to its community association clients. Full disclosure will include, but should not be limited to, disclosure of any contractual

6

CLASS ACTION COMPLAINT

agreements between Associa and any bank relating to payment arrangments, disclosure of the amount and nature of payments made or to be made to Defendant in the future should participating banks continue payment arrangements, and a full and complete annual accounting of any payments received and express written approval of any business relationship between Associa and any bank that involves profiting or benefiting from Plaintiff's and the Class's deposits.

## CLASS ALLEGATIONS

20. Plaintiff brings this action as a class action pursuant to Rule 23(b)(2) and Rule 23(b)(3) of the Federal Rules of Civil Procedure on behalf of itself and the class. This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements as set forth in Rule 23(a) and Rule 23(b)(3).

21. Plaintiff advances this action on behalf of the following Class and Subclass:

### Class

All common interest developments (CIDs) or co-ops in the State of California that engaged Associa Northern California to manage their CID/co-op from December 1, 2018 to present (the "class period"). Excluded from the Class is any CID or co-op that engaged Associa Northern California during the class period which agreement contained an arbitration clause. Also excluded from the class is Associa Northern California, its legal representatives, assigns and successors and any entity in which Associa has a controlling interest. Also excluded are any entities whom any of the Plaintiff's counsel is currently suing on behalf of a client, the judge to whom this case is assigned and any member of the judge's immediate family and judicial staff.

22. Numerosity (Rule 23(a)(1)). Plaintiff is informed and believes that the Class is comprised of over 100 common interest developments and community associations in California, making joinder impractical. The disposition of the claims of these Class Members in a single class action will provide substantial benefits to all parties and to the Court.

23. Commonality (Rule 23(a)(2)). There exist questions of law and fact common to all Class Members. Common questions include, but are not limited to:

    a. Whether Associa's agreements with the Plaintiff and the Class failed to disclose payments it receives from banks;

7

CLASS ACTION COMPLAINT

b. Whether Associa was required to disclose payments it receives from banks either as a fiduciary or pursuant to California Civil Code § 5375;

c. Whether Associa had an undisclosed business relationship with Banc of California and received undisclosed financial incentives from Banc of California to deposit Plaintiff's and the Class Members' funds into the bank.

d. Whether Associa failed to disclose to Plaintiff and Class Members that it was paid significant funds based upon deposits belonging to the Plaintiff and Class;

e. Whether Associa had a fiduciary duty to Plaintiff and Class Members to disclose the benefits it obtained from its clients' money;

f.  Whether the facts not disclosed by Associa to Plaintiff and Class Member are material;

g. Whether Associa violated the unlawful prong of California Business and Professions Code section 17200;

h. Whether Associa violated the unfair prong of California Business and Professions Code section 17200;

i. Whether Associa's failure to disclose material facts violated California Civil Code section 5375;

j. Whether Associa's failure to disclose material facts violated California Civil Code section 5380;

k. Whether Associa had a fiduciary duty to Plaintiff and Class Members to disclose the benefits it obtained from its clients' money;

l. Whether the facts not disclosed by Associa to Plaintiff and Class Member are material

m. Whether Plaintiff and Class Members are entitled to compensatory damages, restitution, and the amounts of damages and restitution;

n. Whether Associa should be declared financially responsible for notifying all Class Members of payments received;

CLASS ACTION COMPLAINT

o. Whether Associa should be ordered to disgorge, for the benefit of the Class Members, all or part of their ill-gotten profits and/or to make full restitution to Plaintiff and Class Members.

24. <u>Typicality (Rule 23(a)(3)).</u> The representative Plaintiff's claims are typical of the Class Members' claims in that the representative Plaintiff, like all Class Members, is a community association that retained Associa to manage their property and whose funds were deposited in banks that then paid Associa profits on those deposits without disclosing said payments to the association. The representative Plaintiff, like all Class Members, has suffered a common injury: Associa violated its contractual, statutory, and fiduciary duties to Plaintiff and Class Members and improperly and wrongfully profited from Plaintiff's and Class Members' funds. The factual basis of Associa's misconduct is common to all Class Members.

25. <u>Adequacy (Rule 23(a)(4)).</u> Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained counsel with substantial experience in prosecuting consumer class actions, including actions involving issues like those raised in this case. Plaintiff and its counsel are committed to vigorously prosecuting this action on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor its counsel have any interest adverse to those of the Class.

26. <u>Predominance of Common Questions (Rule 23(b)(3)).</u> Common questions of law and fact predominate over questions involving individualized analysis. Fundamentally, there is no material question of fact or law that is not common to Class Members. Common issues of fact include that all Class members entered a contractual relationship with Associa and trusted and relied upon Associa to act in the best interests of their association and to fulfill its fiduciary duties. Associa pursued its own interests (rather than Class members') in depositing Class members' community funds, and Associa failed to disclose its payment arrangements with banks to Class members. Associa's failure to disclose these arrangements is a common question, as is Associa's improper and unjust enrichment from Class Members' deposited funds. Common questions of

9

CLASS ACTION COMPLAINT

law include whether Associa's conduct violates California's consumer protection statutes and other law, and the Class Members' entitlement to damages and remedies.

27. <u>Superiority (Rule 23(b)(3))</u>. Plaintiff and Class Members have all suffered and will continue to suffer harm and damages because of Associa's unlawful and wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of the subject controversy. Because of the number of impacted Class Members, and the cost of litigation, most Class Members likely would find the cost of litigating individual claims to be prohibitive. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation because it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication. There is no impediment to the management of this action because the common questions of law and fact to all Class Members are virtually identical.

**ESTOPPEL FROM PLEADING THE STATUTE OF LIMITATIONS AS A DEFENSE**

28. Associa concealed material truths for decades, never disclosing either its payment arrangement with banks in which Class Members' funds were deposited, nor the profits reaped from Class Members' deposits.

29. Associa's acts of concealment also include, but are not limited to, failure to comply with statutory disclosure requirements, and violating its fiduciary obligations to Class Members.

30. Based upon Associa's misrepresentations, omissions and concealment, Associa is equitably estopped from asserting a statute-of-limitations defense. Plaintiff learned of Associa's misconduct in discussions with its counsel in the last few months. Plaintiff could not reasonably have discovered the misconduct earlier than that.

**FIRST CAUSE OF ACTION**

**(Breach of Fiduciary Duty)**

31. Plaintiff incorporates by reference the allegations contained paragraphs 1 through 30 of this complaint.

32. This is an action against Associa for breach of fiduciary duty.

10

CLASS ACTION COMPLAINT

33. Plaintiff and the Class entered a fiduciary relationship with Associa whereby they relied on Associa to act in their best interests. As a result of this fiduciary relationship, Associa had a duty to act with loyalty, care and honesty and to avoid conflicts of interest.

34. Despite the existence of this relationship, and Associa's duties pursuant to the relationship, Associa breached its fiduciary duty to Plaintiff and Class Members by forming an undisclosed arrangement with banks to receive incentive payments based on funds belonging to the community associations it managed. Associa further violated its fiduciary duties by prioritizing its own financial enrichment above Plaintiff's and Class Members' best interests when carrying out its management duties. Associa failed to disclose its beneficial monetary arrangement with the banks and secret profits derived from Class Members' deposited funds.

35. As a direct and proximate result of Associa's breaches of its fiduciary duty, Plaintiff and members of the Class have been damaged in an amount to be proven at trial.

### SECOND CAUSE OF ACTION

**(Violation of California Unfair Competition Law- Unlawful Business Practice)**

36. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 30 above.

37. This is an action against Associa Northern California, Inc. for violation of California Unfair Competition Law, pursuant to the unlawful business practice prong.

38. California Business and Professions Code section 17200 et seq. prohibits acts of unfair competition, which includes unlawful business practices.

39. Associa engaged in unlawful business practices that entailed an intentional failure to disclose, contrary to California statutes set forth in this Complaint, its incentive payment arrangements with Banc of California.

40. Associa's practices constitute an unlawful business practice because they violate Civil Code sections 5375, 5375.5, 5380 as well as California common law for breach of contract and breach of fiduciary duty.

11

CLASS ACTION COMPLAINT

41. To this day, Associa has engaged and continues to engage in unlawful business practices by knowingly failing to disclose to Class Members the payment arrangements and profits that it collects based on Class Members' deposits.

42. As a direct and proximate cause of Associa's unfair and unlawful methods of competition and unfair, deceptive or unlawful acts or practices, Plaintiff and Class Members have suffered money damages in the amount of undisclosed funds unjustly paid to Associa.

43. As a proximate result of its unlawful practices, Associa has been unjustly enriched and should be required to make restitution to the Plaintiff and Class Members pursuant to sections 17203 and 17204 of the California Business & Professions Code.

**THIRD CAUSE OF ACTION**

**(Violation of Unfair Competition Law – Unfair Business Practice)**

44. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 30 of this complaint.

45. This is an action against Associa Northern California, Inc. for Violation of the Unfair Competition Law, unfair prong.

46. Associa engaged in an unfair business practice by knowingly failing to disclose material facts to Plaintiff and Class Members regarding its payment arrangements with banks and improper receipt of benefits.

47. Associa engaged in unfair business practices because it formed an undisclosed arrangement with banks to be paid based on funds belonging to Plaintiff and violated its fiduciary duties to Plaintiff by prioritizing its own financial enrichment above Plaintiff's when carrying out its management duties.

48. Associa's business practices outlined above are unfair because they substantially injure consumers—the associations that rely upon Associa to make financial decisions in the community's best interests— by concealing financial arrangements that involve the community's funds in order to prioritize Associa's own profit and benefit.

49. Here, the injury to consumers is not outweighed by any countervailing benefits to

12

CLASS ACTION COMPLAINT

consumers or competition. Consumers receive no benefit from the payments made to Associa. The secret profit arrangements harm competition because only the largest community management firms, such as Associa, have access to enough client funds to qualify for lucrative payment arrangements. The only party that benefits in this scenario is conglomerate management firms such as Associa which only grow larger, richer and more powerful because of these arrangements.

50. Finally, the injury could not reasonably have been avoided by Plaintiff and Class Members because Associa has actively concealed or otherwise failed to disclose its unfair practices.

51. To this day, Associa has engaged and continues to engage in unfair business practices by knowingly failing to disclose to Class Members its secret profit from Class Members' funds.

52. As a direct and proximate cause of Associa's unfair practice, Plaintiff and Class Members are entitled to restitution in the amount of the undisclosed payments, unjustly received by Associa.

53. As a proximate result of their unfair practices, Assoica has been unjustly enriched and should be required to make restitution to the Plaintiff and Class Members pursuant to sections 17203 and 17204 of the California Business & Professions Code.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment against Defendant and in favor of Plaintiff, and to award the following relief:

1. Certification of a class consistent with the class definitions and appointment of Plaintiff as class representative;

2. Appointment of the undersigned as counsel for the proposed Class;

3. A declaration that Associa is financially responsible for notifying all Class Members;

4. A declaration that Associa must disgorge, for the benefit of the Class, its ill-gotten profits received from payment arrangements made with banks, and/or make full restitution to Plaintiff and the Class Members;

13

CLASS ACTION COMPLAINT

5.  An award of costs and attorneys' fees, as allowed by law, and/or from a common fund created hereby;

6.  Leave to amend to conform to the evidence presented at trial; and

7.  Orders granting such other and further relief as may be appropriate.

### JURY TRIAL DEMAND

Plaintiff hereby demand a jury trial for all individual and Class claims so triable.


Dated: May 5, 2026                    By:    /s/ Michael F. Ram
                                             Michael F. Ram, SBN 104805
                                             mram@forthepeople.com
                                             Amanda Beattie, SBN 367585
                                             amalee.beattie@forthepeople.com
                                             MORGAN & MORGAN
                                             COMPLEX LITIGATION GROUP
                                             1390 Market Street, Suite 200
                                             San Francisco, CA 94102
                                             Telephone: (415) 846-3862
                                             Facsimile: (415) 358-6923

                                             Jeffrey B. Cereghino, SBN 99480
                                             jbc@cereghinolaw.com
                                             CEREGHINO LAW GROUP LLP
                                             28 Geary Street, Suite 650
                                             San Francisco, CA 94108
                                             Telephone: (415) 433-4949

                                             Colette F. Stone, SBN 129773
                                             cstone@stonelawoffice.com
                                             STONE &ASSOCIATES, APC
                                             2125 Ygnacio Valley Road, Ste 101
                                             Walnut Creek, CA 94596
                                             Telephone: (925) 938-1555

                                             Sharon Glenn Pratt, SBN 121947
                                             spratt@prattattorneys.com
                                             PRATT & ASSOCIATES, APC
                                             634 N. Santa Cruz Ave., Suite 204
                                             Los Gatos, CA 95030
                                             Phone: 408-369-0800

                                             J. Barton Goplerud (pro hac vice forthcoming)
                                             goplerud@sagwlaw.com
                                             SHINDLER, ANDERSON, GOPLERUD & WEESE
                                             5015 Grand Ridge Dr, Unit 100
                                             West Des Moines, IA 50265

14

CLASS ACTION COMPLAINT

Telephone: (515) 223-4567

Robert Shelquist (pro hac vice forthcoming)
Rshelquist@cuneolaw.com
CUNEO GILBERT & LaDUCA, LLP
5775 Wayzata Blvd., Suite 620
St. Louis Park, MN 55416
(612) 254-7288

*Attorneys for Plaintiffs and Class*

CLASS ACTION COMPLAINT